DENNIS, Circuit Judge,
concurring in part and dissenting in part.
I respectfully concur in the majority opinion in affirming the convictions, except that I have difficulty with assuming that the district court committed error in failing to submit the issue of materiality to the jury in its bank fraud instruction without eorrelatively assuming that materiality is an element of the offense and that the error is now plain. Nevertheless, I concur in the majority’s result because I do not believe that, under a complete analysis of the circumstances of the present case, the error affected the defendants’ substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings.
I respectfully dissent from the majority’s decision to vacate Sellers’ sentence and remand for reconsideration of the restitution order. As the majority opinion indicates, 18 U.S.C. § 3663(a)(l)(B)(ii) states that “[t]o the extent that the court determines that the complication and prolongation of the sentenc *826 ing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.” This provision makes it clear that restitution may be declined to the extent that the court finds that the difficulties in fashioning an order outweigh the need for restitution. See U.S.S.G. § 5E1.1(b); U.S. v. Smith, 944 F.2d 618, 622-28 (9th Cir.1991), cert. denied, 503 U.S. 951, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992); see also U.S. v. C.R. Bard, Inc., 848 F.Supp. 287, 292 (D.Mass.1994); William M. Acker, Jr., Making Sense of Victim Restitution: A Critical Perspective, 6 Fed. Sent. R. 234 (1994). Considering the multiple delays and extended period covered by the sentencing hearing prior to the government’s proffer of new evidence and the additional complication and prolongation of the sentencing process portended thereby, the district court’s determination that the difficulties entailed in allowing the opening of new areas of litigation outweighed the need for additional restitution was reasonable and- not an abuse of discretion.
I qualifiedly concur in the majority’s decision to vacate and remand with respect to the government’s proposal to enhance Sellers’ sentence. Like the majority, I have been unable to determine whether the alleged false statement was material. Section 3C1.1 of the Guidelines provides that “[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.” Application Note 3 thereunder, in pertinent part, provides: “The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies: ... (h) providing materially false information to a probation officer in respect to a presen-tenee or other investigation for the court.” Application Note 5 states: “‘Material’ evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination.” The alleged false statement would not have been material if the only issue before the court for determination that might have been affected by it was the question of additional restitution, which the district court had reasonably foreclosed in order to avoid excessive prolongation and complication of the sentencing process. United States v. Cusumano, 943 F.2d 305, 316 (3d Cir.1991), cert. denied, 502 U.S. 1036, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992), may be inapposite because the misstatement of ability to pay there tended to affect the probation officer’s recommendation as to fines, an issue still under determination. On the other hand, the alleged false statement in the present case would be material if there were other issues still under determination that the alleged false statement, if believed, would tend to affect.